PEOPLE v. McDERMOTT DAIRY CO.

(Supreme Court, Appellate Term.  December 22, 1911.)

1. FOOD (§ 16*)—ADULTERATED MILK—DEFENSES.

A sale of milk not up to the standard fixed by the agricultural law (Consol. Laws 1909, c. 1), defining adulterated milk, is conclusive evidence of a violation of the law; and it is immaterial, in an action to recover the penalty provided by section 52, whether the deficiency in quality is due to natural causes or otherwise.

[Ed. Note.—For other cases, see Food, Dec. Dig. § 16.*]

2. EVIDENCE (§ 536*)—OPINION EVIDENCE—ADMISSIBILITY.

A chemist, who has not analyzed a product, is incompetent to testify to the result of an analysis thereof.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 536.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Actions by the People against the McDermott Dairy Company for penalties for the sale of adulterated milk.  From judgments for defendant, rendered by the Municipal Court after trial without a jury, plaintiff appeals.  Reversed, and new trials ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Thomas Carmody, Atty. Gen. (Robert P. Beyer, of counsel), for the People.

J. Power Donellan, for respondent.

GIEGERICH, J.  [1] These actions were brought to recover penalties for the sale of adulterated milk, as defined by the statute (Agricultural Law, § 52).  The evidence adduced by the plaintiff showed that the milk was not up to the standard fixed by the statute, and this was the only issue in the case, since it is immaterial whether the deficiency in quality is due to natural causes or otherwise.  People v. Bowen, 182 N. Y. 1, 6, 74 N. E. 489.

[2] The testimony offered by the defendant as to the analysis was incompetent, since the chemist who testified had not himself made the analysis, the result of which he undertook to give.  The trial court was not at liberty to disregard the only competent testimony in the case, and should have rendered judgment for the plaintiff.  People v. Laesser, 79 App. Div. 384, 386, 79 N. Y. Supp. 470.

Judgments reversed, and new trials ordered, with costs to the appellant to abide the event.  All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes